MEMORANDUM OPINION





No. 04-06-00551-CV





CITY OF
 SEGUIN, TEXAS,

Appellant





v.





Robert L. WORTH,
Jr., et al.,

Appellees





From the 25th
Judicial District Court, Guadalupe County, Texas

Trial Court No. 06-0897-CV

Honorable Gary
L. Steel, Judge Presiding





Opinion by:     Sandee Bryan Marion, Justice

Sitting:                        Catherine Stone, Justice

Sandee
Bryan Marion, Justice

Rebecca Simmons,
Justice

Delivered and Filed: July 23, 2008

REVERSED AND DISMISSED

The City of Seguin, Texas appeals the trial
court's order granting a temporary injunction that enjoins the City from
enforcing the annexation of certain property until the parties have arbitrated
their dispute pursuant to section 43.052(i) of the
Texas Local Government Code ("Code"). In light of the Texas Supreme
Court's decision in City of Rockwall v. Hughes, 246 S.W.3d 621 (Tex. 2008), we reverse
the trial court's order and dismiss the underlying lawsuit.

Background

In January of 2006, the City held a hearing
relating to the annexation of four areas of land each of which contained less
than 100 tracts but which were in the same geographic area and shared common
boundaries. After additional notices and hearings, an annexation ordinance
relating to the four areas of land was first read on April 18, 2006. On April
26, 2006, Robert L. Worth, Jr. filed a petition for arbitration with the City
Secretary seeking arbitration if the City refused to place the area in which he
owned property ("Area 1") in a three year annexation plan. Worth
asserted that the City was attempting to circumvent section 43.052 by annexing
the property without having it subject to a three year annexation plan. (1) On May 2, 2006, the City rejected Worth's
petition finding that Worth's allegations were groundless and without merit.
The same day, the City enacted the ordinance that would annex Area 1 effective
June 1, 2006.

On May 19, 2006, Worth and the other appellees filed a petition in district court seeking
declaratory and injunctive relief. Although the petition sought a declaration
that the City was attempting to circumvent section 43.052 of the Code by
refusing to include Area 1 in a three-year plan, the petition also sought a
declaration that the appellees were entitled to
arbitrate their dispute and to enjoin further enforcement of the annexation
ordinance until after arbitration.

The City filed a plea to the jurisdiction
asserting that the appellees were not challenging the
City's authority to annex the land but only procedural requirements; therefore,
the only proper means to challenge the annexation was in a quo warranto proceeding. The appellees
responded that section 43.052(i) is a specific
legislative authorization; therefore, the appellees
had standing to seek injunctive relief to compel the City to engage in
arbitration. At the hearing on the City's plea and the temporary injunction,
the appellees clarified that the relief they were
seeking was for the trial court to compel arbitration. (2)
The trial court denied the plea to the jurisdiction and granted a temporary
injunction that: (1) allowed the City to annex the property; (2) enjoined the
City and the appellees from enforcing or proceeding
on any right, privilege or benefit that might arise as a result of annexation
until the parties engaged in arbitration; and (3) left the issue of whether the
annexation was proper for the arbitrator to decide.

Discussion

Recognizing that issues similar to those raised
in this appeal were pending before the Texas Supreme Court and that the Texas
Supreme Court's decision would likely impact our disposition of this appeal, we
abated this appeal on October 31, 2006. After the Texas Supreme Court issued
its opinion in City of Rockwall v. Hughes, 246 S.W.3d 621 (Tex. 2008), we
reinstated the appeal and permitted the parties to file supplemental briefs
addressing the Texas Supreme Court's decision. Although the City filed a
supplemental brief arguing the decision in Hughes is controlling, the appellees did not file a supplemental brief.

In Hughes, the Texas Supreme Court
initially noted that "unless an annexation is wholly void or the
Legislature has expressly granted a private right to challenge the annexation
in some manner, a quo warranto proceeding brought by
the State is the only proper means of attacking a municipality's annexation in
court." 246 S.W.3d at 627. In Hughes, as
in the instant case, the appellee did not argue that
the annexation proceeding was void but argued that the Legislature granted
landowners a private right to arbitration by enacting section 43.052(i). Id.
The Texas Supreme Court, however, rejected this argument, holding that section
43.052(i) "does not create a substantive private
right for a landowner to compel arbitration if a municipality takes action on
the landowner's petition by denying it . . . ." Id. at 631. Here, the City denied the appellees'
petition; therefore, the appellees do not have a
private right to challenge the annexation, and they lack standing to pursue the
underlying lawsuit. See id.

Conclusion

The trial court's order is reversed and the underlying cause is dismissed.

                                                                                                            Sandee Bryan Marion, Justice


1. Section 43.052(i) of the Code
provides:

A municipality may
not circumvent the requirements of this section by proposing to separately
annex two or more areas described by Subsection (h)(1) if no reason exists
under generally accepted municipal planning principles and practices for
separately annexing the areas. If a municipality proposes to separately annex
areas in violation of this section, a person residing or owning land in the
area may petition the municipality to include the area in the municipality's
annexation plan. If the municipality fails to take action on the petition, the
petitioner may request arbitration of the dispute. The petitioner must request
the appointment of an arbitrator in writing to the municipality. Sections
43.0564(b), (c), and (e) apply to the appointment of an arbitrator and the
conduct of an arbitration proceeding under this subsection. Except
as provided by this subsection, the municipality shall pay the cost of
arbitration. If the arbitrator finds that the petitioner's request for
arbitration was groundless or requested in bad faith or for the purposes of
harassment, the arbitrator shall require the petitioner to pay the costs of
arbitration.

Tex. Loc. Gov't
Code Ann. § 43.052(i) (Vernon 2008). 

2. The appellees' attorney
stated, "So we believe and the evidence shows that the City circumvented
this three-year process and separately annexed two or more areas in order to
avoid that three-year plan. We're not asking to void the annexation. We're
simply asking that we be allowed to arbitrate this issue in front of an
arbitrator as provided in the local government code." The attorney later
clarified, "We're asking the Court that we are entitled to arbitration and
that this case ought to be sent to arbitration. That was part of our request
for declaratory relief. We were never requesting that this Court hold that they
have violated the H-1 exception."